JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant Velton Battle has appealed the trial court's judgment classifying him as a sexual predator. Battle's sole assignment of error alleges that the trial court's judgment was against the manifest weight of the evidence.
Battle pleaded guilty to rape on October 30, 1990. Battle had engaged in vaginal intercourse with his girlfriend's four-year-old daughter, infecting the child with gonorrhea. At the time of the offense, Battle was on probation for drug abuse.
To designate an offender a sexual predator, the trial court must find by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses. See R.C. 2950.01(E)(1); State v.Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247, 743 N.E.2d 881. In making its determination, the trial court must consider all the relevant factors, including (1) the offender's age; (2) his prior criminal record, including sexual offenses; (3) the age of the victim; (4) whether the offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victims; (6) previous convictions for sexually-oriented offenses; (7) mental illness or disability of the offender; (8) the nature of the conduct and whether it was part of a pattern of abuse; and (9) whether the offender displayed cruelty in the commission of the offense. See R.C. 2950.09(B)(3).
Battle was twenty-seven when he raped the four-year-old child and infected her with gonorrhea. Battle's criminal record included convictions for theft and drug abuse. He was on probation for drug abuse at the time of the rape.
Battle presented evidence that he had obtained his GED, completed an anger-management program, a substance-abuse program, a mental health program and an assertiveness program, and volunteered with Community Services Awareness Workshop. Battle also presented evidence that he had completed a program for sexual offenders entitled "A Structured Approach to Preventing Relapse: A Guide for Sex Offenders." As the trial court noted, the treatment summary for the sexual-offender program indicated that Battle only accepted responsibility for "rubbing against the victim while he was asleep." The record indicates that Battle refused treatment in the Polaris Program when it was offered. Further, Battle's prison record indicates that he (1) disobeyed a direct order; (2) made threats to other inmates in the presence of a corrections officer; (3) made sexual advances to other inmates and threatened them if his advances were refused; and (4) was found "out of place with another inmate, masturbating."
In making its determination to classify Battle as a sexual predator, the trial court attached significance to the fact that the treatment summary for his sexual-offender program indicated that Battle still maintained that he was asleep during the physical contact with the victim. The court also relied on the sexual nature of Battle's prison infractions.
We hold that the record contains clear and convincing evidence to support the trial court's judgment classifying Battle as a sexual predator. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.